IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| NICHOLAS RYAN RYKIEL,<br><br>Plaintiff,<br><br>vs.<br><br>SALVATION ARMY, et al.,<br><br>Defendants. | CV 19-00040-BU-BMM-KLD<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED STATES<br>MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Nicholas Rykiel's proposed Complaint (Doc. 1), Motion to Seal Confidential Information Under Seal (Doc. 8), Motion to Proceed in Forma Pauperis (Doc. 9), and proposed Amended Complaint (Doc. 10).[1] The motion to proceed in forma pauperis will be granted but the motion to seal will be denied and since there is no basis for federal subject matter jurisdiction, it is recommended that this matter be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Although Mr. Rykiel has not submitted a copy of his inmate account statement, the Court finds that his motion to proceed in forma pauperis (Doc. 9)

---

[1]The Amended Complaint is the operative pleading in this case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)(once an amended complaint is filed it replaces the original complaint and the original complaint no longer serve a function in the case.)

1

and other filings are sufficient to make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Rykiel must pay the statutory $350.00 filing fee. The Court will waive the initial partial filing fee but Mr. Rykiel will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Rykiel must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. Rykiel is held to forward payments from Mr. Rykiel's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. MOTION TO SEAL

Mr. Rykiel has filed a Motion to Seal Confidential Information Under Seal in which he asserts that due to Rule 5 and the facts of this case this matter should be sealed. He argues that embezzlement is a criminal act and because the Salvation Army is a religious organization and he is a prisoner, it would be best to seal this case. (Doc. 5.)

This Court's Local Rules provide that, "[a]ll documents and items in the

2

record of a case are available to public access unless access is limited or prohibited by federal law, federal or local rule, or by an order, issued on motion or sua sponte, stating the reasons for sealing." L.R. 1.3(a)(2).

The Ninth Circuit has recognized a strong presumption of public access to court records and parties must meet a "compelling reasons" standard to obtain a court order sealing court records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). That is, a party seeking to seal court records "must 'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the ' 'public interest in understanding the judicial process.'" *Id.* at 1178-79 (*internal citations and quotations omitted*).

Mr. Rykiel cites to Rule 5 and the Court assumes he is referring to Rule 5.2 of the Federal Rules of Civil Procedure which provides for privacy protection for filing made with the Court. That rule, however, only allows for the redaction of private information such as social-security numbers, dates of birth, names of minors and financial account numbers and limitations on remote access to case files in social security appeals and immigration cases. Rule 5.2 does not provide for the type of sealing that Mr. Rykiel seeks in this case.

Mr. Rykiel has not presented, and the Court sees no compelling reason why,

3

this matter should be sealed. The motion to seal will be denied.

## III. STATEMENT OF THE CASE

### A. Parties

Mr. Rykiel is a state prisoner currently incarcerated at Montana State Prison. His allegations, however, arose prior to his incarceration. He names his former landlord, Jeri Ygnitowiz; Doug Rykiel from Home Church; and Clair Little, Michelle Beers, and Deni Maldonado from the Salvation Army as Defendants.

### B. Allegations

Mr. Rykiel alleges Defendants Clair Little, Jeri Ygnitowiz, and Doug Rykiel embezzled his funds from the Salvation Army. He claims Defendants Deni Maldonado and Michelle Beers were notified "due to his missing IW9 form and misleading of identity" and did nothing to solve issues. He also alleges his landlord Jeri Ygnitowiz illegally evicted him and used his information for extra payment from the Salvation Army. (Amended Complaint, Doc. 10 at 4.)

## IV. SCREENING STANDARD

Mr. Rykiel is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

4

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled

5

to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to

do justice").

## V. SCREENING ANALYSIS

A plaintiff is required to make sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). The plaintiff bears the burden of proof for establishing jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Jurisdiction is generally limited to diversity of citizenship, 28 U.S.C. § 1332, a federal question, 28 U.S.C. § 1331, or cases in which the United States is a party, 28 U.S.C. §§ 1345 and 1346.

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different

7

States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

In this case, there is no basis for diversity of citizenship jurisdiction because Mr. Rykiel and Defendants Ygnitowiz, Rykiel, and Little are residents and citizens of Montana. This destroys diversity jurisdiction. *See Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981).

The United States nor any of its agencies are parties to this action, therefore jurisdiction does not exist under 28 U.S.C. §§ 1345 and 1346.

Finally, Mr. Rykiel has not sufficiently plead federal subject matter jurisdiction. Section 1331 provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Ethridge v. Harbor House Restaurant*,

861 F.2d 1389, 1394 (9th Cir. 1988). Mr. Rykiel asserts that the basis for federal jurisdiction is that embezzlement is a federal crime. (Amended Complaint, Doc. 10 at 3.) It is well-settled, however, that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, a plaintiff in a § 1983 action lacks standing to request as relief the criminal investigation or prosecution of a defendant. *Graves-Bey v. City & Cnty. of San Francisco*, 2016 U.S. App. LEXIS 17273, *2, (9th Cir.); *Livingston v. Sanchez*, 2012 U.S. Dist. LEXIS 112897, *10 (E.D. Cal.); *Mitchell v. Lopez*, 2011 U.S. Dist. LEXIS 16524, *35-36 (D. Nev.). Mr. Rykiel cannot bring criminal charges, only the United States Attorney can initiate federal criminal charges. Accordingly, Mr. Rykiel failed to satisfy his burden of alleging and establishing federal jurisdiction over his pleadings.

A district court may dismiss an action *sua sponte* whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983). Here jurisdiction is lacking and this matter should be dismissed for lack of subject matter jurisdiction.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Rykiel's Motion to Proceed in Forma Pauperis (Doc. 9) is

GRANTED.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on August 2, 2019.

3. Mr. Rykiel's Motion to Seal (Doc. 8) is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for lack of subject matter jurisdiction.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Rykiel may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of October, 2019.

Kathleen L. DeSoto
United States Magistrate Judge

---

[2] Mr. Rykiel is entitled an additional three days after the fourteen day period would otherwise expire to file his objections.